IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LEE JASPAR,

      Plaintiff,                        No. CIV S-06-1177 GEB EFB P

      vs.

KHOURY, et al.,

      Defendants.             ORDER

                              /

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On November 13, 2006, the court found that plaintiff had failed to file an *in forma pauperis* affidavit or to pay the appropriate filing fee and recommended dismissal without prejudice. On December 6, 2006, plaintiff filed objections together with a copy of a canceled check for the filing fee in this case, dated June 23, 2006. Plaintiff has paid the fee in this action. Accordingly, the November 13, 2006, findings and recommendations are vacated.

       Plaintiff must now complete service of process. Pro se plaintiffs must follow the service of process requirements set forth in Fed. R. Civ. P. 4. *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996); *see* Local Rule 83-183(a). Service may be made by any non-party who is at least 18 years of age and if it is not made within 120 days after the filing of the complaint, the court must dismiss the action as to that defendant or direct that service be made within a specified time.

Fed. R. Civ. P. 4(c)(2), (m). Inadvertence, negligence, mistake, or ignorance of the Rules do not constitute "good cause" for failure of timely service. *See Kirkland*, 86 F.3d at 176.

When a plaintiff is proceeding pro se, however, district courts should take into account the potentially complex nature of the requirements of Fed. R. Civ. P. 4, and the possibility that a pro se plaintiff may become confused thereby, when determining whether a permissive extension of time should be granted under Rule 4(m). *See Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995).

Fed. R. Civ. P. 4(e) provides service of process may be effected (1) by delivering a copy of the summons and of the complaint to the defendant personally, (2) by leaving copies of the summons and of the complaint at defendant's home with a person of suitable age and discretion, (3) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process on defendant's behalf, or (4) pursuant to the law of the state in which the district court is located.

Cal. Civ. Proc. Code § 415.20(a) provides that, in lieu of personal service, a copy of the summons and of the complaint may be left at defendant's office "with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left."

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send plaintiff a completed summons, and a copy of the complaint filed May 31, 2006.

2. Within 20 days plaintiff shall serve defendants pursuant to Fed. R. Civ. P. 4. Failure timely to comply with this order shall result in a recommendation this action be dismissed.

Dated: January 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE