IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LEE JASPAR,

        Plaintiff,                      No. CIV S-06-1177 GEB EFB P

    vs.

KHOURY, et al.,                       <u>ORDER</u>

        Defendants.

                           /

        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. On May 31, 2006, plaintiff filed his complaint initiating this action. By order filed June 14, 2006, the court directed plaintiff to submit the appropriate affidavit in support if a request to proceed in forma pauperis or to submit the appropriate filing fee. On June 26, 2006, the filing fee was paid by an individual named Mila Hale.

        On January 10, 2007, the court directed plaintiff to serve process on defendants without first screening the complaint. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

/////

1

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir.1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Aguilera, Bick, Khoury, Donahue, and Bradley. *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against defendants Hodges-Wilkins and Grannis. Plaintiff alleges only that these defendant appeals examiners denied his appeals without having certified physicians review the actions of the individuals about whose actions he was appealing. Plaintiff does not allege that defendants are charged with that duty and oversight and does not offer support for that contention. To state a claim for a violation of an Eighth

Amendment right to adequate medical care, a plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).  Plaintiff fails to allege sufficient charging allegations against these defendants to state a cognizable claim against them.

Plaintiff may proceed forthwith to serve defendants Aguilera, Bick, Khoury, Donahue, and Bradley and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants Hodges-Wilkins and Grannis.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Hodges-Wilkins and Grannis, he has 30 days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Aguilera, Bick, Khoury, Donahue, and Bradley, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Hodges-Wilkins and Grannis without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to

perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first-amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation

4

of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Aguilera, Bick, Khoury, Donahue, and Bradley.

On January 26, 2007, plaintiff filed a request for assistance in serving defendants, notwithstanding his lack of in forma pauperis status in this case, because although the filing fee has been paid, plaintiff is without sufficient funds and resources to effect service on defendants. Good cause appearing, plaintiff is granted a further opportunity to submit a completed application for in forma pauperis status, which, if granted, will enable the court to direct service on defendants by the United States Marshall without prepayment of costs.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted a further opportunity to apply for *in forma pauperis* status for the purpose of gaining the court's assistance in serving defendants. The Clerk of the Court is directed to send to plaintiff a new Application to Proceed *In Forma Pauperis* By a Prisoner. Plaintiff must return a completed *in forma pauperis* application to the court within 30 days.

2. Claims against defendants Hodges-Wilkins and Grannis are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

3. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Aguilera, Bick, Khoury, Donahue, and Bradley. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed May 31, 2006, five USM-285 forms and instructions for service of process on defendants Aguilera, Bick, Khoury, Donahue, and Bradley. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and six copies of the May 31, 2006 complaint. The court will not order service on defendants Aguilera, Bick, Khoury, Donahue, and Bradley until such time as plaintiff has been granted in forma pauperis status. If the court grants plaintiff in forma pauperis status, the court will then transmit the documents for service to the United States Marshal for

service of process pursuant to Fed. R. Civ. P. 4. Defendants Aguilera, Bick, Khoury, Donahue, and Bradley will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Hodges-Wilkins and Grannis without prejudice.

Dated: November 29, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LEE JASPAR,

      Plaintiff,               No. CIV S-06-1177 GEB EFB P

    vs.

KHOURY, et al.,

      Defendants.          NOTICE OF SUBMISSION

_____/     OF DOCUMENTS

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

      One      completed summons

      ____     completed USM-285 forms

      ____     copies of the _____
                               Complaint

DATED:

                                      _____
                                      Plaintiff

7