IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LEE JASPAR,

        Plaintiff,                        No. CIV S-06-1177 GEB EFB P

    vs.

KHOURY, et al.,                   <u>ORDER AND FINDINGS</u>
                                                  <u>& RECOMMENDATIONS</u>

        Defendants.

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Plaintiff asserts a claim of deliberate indifference to medical needs pursuant to section 1983, as well as supplemental state law claims of conspiracy, negligence, and emotional distress.  Currently before the court is defendants' June 23, 2008, motion to dismiss pursuant Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons explained below, the court finds that defendants' motion must be granted in part and denied in part.

**I.    Facts**

       In November 2002, plaintiff was transferred from California State Prison-Corcoran to the California Medical Facility ("CMF").  Compl. ¶ 1.  While at Corcoran, plaintiff, who is HIV-positive, received testosterone treatments to combat metabolic dysfunction symptoms.  *Id.* at ¶¶

1, 2. Upon plaintiff's arrival at CMF, defendant Aguilera, a physician at CMF, discontinued the testosterone treatments without examining plaintiff and refused to supplement plaintiff's treatment with alternative measures. *Id.* at ¶¶ 2, 3. Plaintiff alleges that Aguilera discontinued the treatments because defendant Bick informed him that budget constraints prevented treatment for plaintiff's condition. *Id.* at ¶ 2. Plaintiff further alleges that defendants Bick, Khoury and Donahue supervised and acquiesced to Aguilera's treatment. *Id.* at ¶¶ 5, 7. As a result of the denied testosterone treatments, plaintiff suffers from deterioration of muscle tissue, accumulation of visceral fat, and malaise. *Id.* at ¶ 4.

## II. Standards on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964, 1969, 1974 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include

specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.   Analysis**

    **A.   Deliberate Indifference**

Defendants contend that the court should dismiss plaintiff's deliberate indifference claims against defendants Bick, Khoury and Donahue because plaintiff seeks to hold them liable based on a theory of vicarious liability, apparently based on the doctrine of respondeat superior. This, however, is not a basis for asserting liability under section 1983.

////

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ( "There is no respondeat superior liability under § 1983."). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. *Id.* When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

Here, plaintiff has failed to allege direct participation in constitutional violations by Khoury or Donahue. Rather, it appears that plaintiff is seeking to impose liability under the doctrine of *respondeat superior*, that is, because the aforementioned defendants are supervisors, they are responsible for the actions or omissions of their employees. However, as noted above, *respondeat superior* liability is not a basis for recovery in a section 1983 action. Plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged violation of plaintiff's constitutional rights. Thus, plaintiff's deliberate indifference claims

4

against defendants Khoury and Donahue must be dismissed without prejudice.

As to defendant Bick, however, the complaint does not attempt to impose liability merely because of his supervisory position. Plaintiff alleges that the reason that Aguilera discontinued the testosterone treatments is because Bick, Aguilera's supervisor, told him that "budget constraints" prevented such treatments. Compl. ¶ 2. Plaintiff further alleges that he was denied the testosterone treatment "solely as a result of the financial condition of the California Department of Corrections and Rehabilitation." *Id.* at 4:2-4. Defendants' motion ignores these allegations. While prison authorities have "wide discretion" in the medical treatment afforded prisoners, *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir.1967), *cert. denied*, 387 U.S. 922 (1967), failure to provide treatment because of a tight budget constitutes a cognizable claim under section 1983. *Jones v. Johnson*, 781 F.2d 769, 771-72 (9th Cir. 1986) (holding that pretrial detainee stated a cause of action for deliberate indifference where the record showed no explanation other than the budget concerns for denying medical treatment). Therefore, defendants' motion to dismiss plaintiff's deliberate indifference claim against defendant Bick must be denied.

**B.     Qualified Immunity**

Defendants Bick, Khoury and Donahue contend that they are entitled to qualified immunity from plaintiff's deliberate indifference claims. An official is entitled to qualified immunity unless: (1) the plaintiff alleged facts that show a constitutional violation, and (2) it was clearly established, at the time, that the conduct was unconstitutional. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Since the court grants the motion to dismiss as to the deliberate indifference claims against Khoury and Donahue, the court need not address their asserted defense of qualified immunity. *See Wilkie v. Robbins*, 127 S. Ct. 2588, 2608 (2007). As stated above with respect to Bick, however, failure to provide treatment because of a tight budget constitutes a cognizable claim under § 1983. *See Jones*, 781 F.2d at 771-72; *see also Jackson v. McIntosh*, 90 F.3d 330,

1  332 (9th Cir. 1996) ("It is settled law that deliberate indifference to serious medical needs of
2  prisoners violates the Eighth Amendment.")  It is also clearly established that prisoners cannot
3  be denied treatment for serious medical needs due to budgetary constraints.  *See Jones*, 781 F.2d
4  at 771; *Spain v. Procunier*, 600 F.2d 189, 200 (9th Cir. 1979) ("The cost or inconvenience of
5  providing adequate facilities is not a defense to the imposition of a cruel punishment.").  Thus,
6  Bick is not entitled to qualified immunity.

### C. Conspiracy

Defendants contend that the court should dismiss plaintiff's conspiracy claim because it is based entirely on conclusory allegations.  To state a claim for conspiracy, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999); *see also Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (conclusory allegations insufficient to state a valid claim for conspiracy to violate the plaintiff's constitutional rights under § 1983).

Plaintiff's complaint does not allege any facts showing that defendants reached any sort of agreement to harm him.  Instead, plaintiff merely alleges that defendants "had a mutual meeting of the minds, in direct and/or indirect participation by common design, to ratify the deprivations of inadequate and negligent medical [c]are which resulted in the deliberate indifference to plaintiff's serious medical needs." Compl. ¶ 11.  As stated above, such conclusory statements are insufficient to state a claim for conspiracy.  Accordingly, plaintiff's conspiracy claim must be dismissed.

////

### D. Negligence and "Emotional Distress" Claims

Defendants argue that the court should dismiss plaintiff's claims for negligence and emotional distress because he failed to comply with the claims filing requirement under the California Tort Claims Act ("CTCA"). Compliance with California's claim filing statute is an element of a cause of action against the state. *United States v. California*, 655 F.2d 914, 918 (9th Cir. 1980). Therefore, an untimely tort claim is subject to a motion to dismiss. *Toscano v. County of Los Angeles*, 92 Cal. App. 3d 775, 783 (1979).

Under the CTCA, no suit for damages may be brought against a public entity until a written claim has been presented and rejected. Cal. Gov't Code § 945.4. A claim relating to a cause of action for personal injury must be presented not later than six months after the accrual of the cause of action. *Id.* § 911.2(a). If a claim is rejected as untimely, the claimant may file a written application with the public entity for leave to present the claim. *Id.* § 911.4(a). The application to present a late claim must be filed within a reasonable time not to exceed one year after the accrual of the cause of action. *Id.* § 911.4(b). If leave to present a late claim is denied, the claimant may petition the appropriate court (the court that would be proper for the trial of the cause of action to which the claim relates) for an order relieving the claimant from the CTCA's requirements. *Id.* § 946.6.

A plaintiff is required to allege facts in his complaint sufficient to demonstrate or excuse compliance with the claim presentation requirement as a condition precedent to the maintenance of an action. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *California v. Super. Ct.*, 32 Cal. 4th 1234, 1240-41 (2004). Here, plaintiff does not provide any facts establishing when he filed a claim or when his claim was subsequently rejected. Plaintiff merely alleges, in a conclusory manner, that "[a]ll applicable state statutes have been complied with and exhausted within the state of California." Compl. ¶ 14.

Defendants, however, request that the court take judicial notice of the following: (1) a copy of a tort claim plaintiff filed with the California Victim Compensation and Government

1 Claims Board, claiming that medical staff at CMF improperly denied him testosterone treatments
2 beginning in November 2002; (2) a copy of the Board's letter to plaintiff, stating that the claim
3 was filed beyond the statutory limits; and (3) a certification by the custodian of records that the
4 other two documents are true and correct copies.  Defs.' Req. for Judicial Notice ("RJN"), Exs.
5 1, 2, 3.  The court grants defendants' request.  *See* Fed. R. Evid. 201; *see also United States v.*
6 *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (on a motion to dismiss the court may consider
7 matters of judicial notice without converting the motion into a motion for summary judgment).

8 On March 12, 2006, plaintiff filed his claim with the Board, along with a letter requesting
9 leave to file a late claim.  RJN, Ex. 1.  On February 2, 2007, the Board sent plaintiff a letter
10 rejecting his claim and stating that his "claim was filed more than one year from the date of the
11 incident that is the basis of the claim, and it is too late for the Board to consider an application to
12 present a late claim."  RJN, Ex. 2.  Thus, plaintiff did not comply with the CTCA's claim filing
13 requirements.  In his opposition brief, plaintiff states that his claim was timely because of the
14 "doctrine of continuing violations."  Pl.'s Opp'n 2:9-17.  As stated above, however, if an
15 application for leave to present a claim is denied, the claimant may file a petition to the
16 appropriate court for an order relieving the petitioner from the claim filing requirements.  *See*
17 Cal. Gov't Code § 946.6.  The petition must be filed within six months after the application to
18 the Board is denied.  *Id.*  Plaintiff has not filed a petition pursuant to § 946.6, and the time for
19 doing so has expired.  For these reasons, plaintiff's state law claims are barred and must be
20 dismissed with prejudice.[1]

21 ////
22 ////
23 ////
24 ////

---

[1] Since the court dismisses plaintiff's state law claims, it need not address plaintiff's request to remand those claims to state court.  *See* Pl.'s Opp'n 2:9-23.

8

**IV. Conclusion**

Accordingly, it is hereby ORDERED that defendants' request for judicial notice is granted.

Further, it is hereby RECOMMENDED that defendants' June 23, 2008, motion to dismiss be granted in part and denied in part, as follows:

1. Plaintiff's deliberate indifference claims be dismissed without prejudice as to defendants Khoury and Donahue;

2. Defendants' request for qualified immunity be denied;

3. Plaintiff's conspiracy claim be dismissed without prejudice; and,

4. Plaintiff's negligence and emotional distress claims be dismissed with prejudice and therefore, defendants Donahue and Khoury be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE