1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MATTHEW LEE JASPAR,

11              Plaintiff,              Case No. 2:06-cv-1177 GEB KJN P

12         vs.

13    KHOURY, et al.,

14              Defendants.             FINDINGS AND RECOMMENDATIONS

15    _____/

16              Plaintiff is a state prisoner at the California Medical Facility ("CMF"), proceeding

17    without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action

18    proceeds on plaintiff's First Amended Complaint, filed September 15, 2010 (Dkt. No. 64), based

19    on plaintiff's allegations that he was denied adequate treatment for his acquired Human

20    Immunodeficiency Virus ("HIV").  Presently pending is defendants' motion to dismiss plaintiff's

21    request for injunctive relief, pursuant to defendants' contention that such relief is subsumed by

22    the June 12, 2002 Stipulation for Injunctive Relief reached in the class action, Plata v.

23    Schwarzenegger, Case No. C-01-1351 THE (N.D. Cal. 2001).  On the same basis, defendants

24    seek dismissal of defendant Matthew Cate, Secretary of the California Department of Corrections

25    and Rehabilitation ("CDCR").

26              Plaintiff has not filed an opposition to defendants' motion.  After the time for

filing his opposition had passed, the court directed plaintiff to file such opposition within thirty days, and informed him that failure to do so would be deemed a statement of non-opposition to the motion, and may result in the dismissal of this action for failure to comply with a court order. (Dkt. No. 76.)  Plaintiff did not respond to the court's order.[1]

Because defendants' motion seeks only a partial dismissal of plaintiff's case, the court addresses the merits of the motion, and declines to recommend dismissal of the entire action at this time.  Rather, the court recommends that defendants' motion be granted in part, and that this case proceed on a narrowed basis.

LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F. 3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1]  The court has verified through the "Inmate Locator" website operated by the California Department of Corrections and Rehabilitation that plaintiff is still incarcerated at the California Medical Facility.

1    Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

2 for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard

3 Feiner & Co., 896 F. 2d 1542, 1555 n.19 (9th Cir.1990).

4           A motion to dismiss for failure to state a claim should not be granted unless it

5 appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which

6 would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In general, pro

7 se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

8 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.

9 Bretz v. Kelman, 773 F. 2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's

10 liberal interpretation of a pro se complaint may not supply essential elements of the claim that

11 were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F. 2d 266, 268 (9th Cir. 1982).

12 DISCUSSION

13           In the operative First Amended Complaint ("FAC" or "complaint") (Dkt. No. 64),

14 plaintiff contends that, upon his transfer from California State Prison-Corcoran to CMF,

15 defendants improperly discontinued the testosterone treatments plaintiff had been receiving to

16 combat metabolic dysfunction symptoms associated with his HIV and Highly Active

17 Antiretroviral Therapy ("HAART").  This court found that the complaint may state a potentially

18 cognizable Eighth Amendment claim for deliberate indifference to plaintiff's serious medical

19 needs, against defendants CMF physicians Dr. U. Pai, Dr. Nicholas Aguilera, and Dr. Joseph A.

20 Bick, and, less clearly, but "for present purposes," against the CDCR Secretary, based on

21 plaintiff's general claims for injunctive relief.  (See Dkt. No. 66 at 2-3, noting plaintiff's general

22 challenge to an "official state policy" or "an arbitrary policy, pattern, practice or custom" that

23 may underlie the decisions of the individual defendants to discontinue plaintiff's treatments, as

24 set forth in the FAC, at 8.)  The court further noted (Dkt. No. 66 at 4):

25               Curiously, plaintiff does not expressly seek injunctive relief to
              obtain reinstatement of his testosterone treatments.  The court is

26

1   unable to determine, based on the allegations of the FAC, whether
    this is because plaintiff is now receiving such treatments, or
2   because he has determined that such treatments are no longer
    warranted.  Nonetheless, for present purposes and in the interests
3   of expediting this four-year-old case, the court will construe
    plaintiff's request for injunctive relief, as well as his general
4   request for "[s]uch other relief as [the] court deems just, equitable
    and fair" (FAC, at 11), to include, if applicable, a request for
5   reinstatement of plaintiff's testosterone treatments.

6          After defendants filed an answer to the complaint, plaintiff filed a "response" in

7   which he stated that he was indeed "ask[ing] this court to order reinstatement of the previously

8   prescribed treatment."  (Dkt. No. 75 at 3.)

9          Defendants contend that plaintiff may not pursue any injunctive relief in this

10  action, asserting that plaintiff's general challenge to CMF policies, as well as his specific request

11  to obtain the subject treatment, are subsumed by the Plata class action.  Pursuant to this

12  argument, defendants also seek dismissal of the CDCR Secretary.

13         The court takes judicial notice[2] of the Plata "Stipulation for Injunctive Relief."

14  (Dkt. No. 73-1 ("Stipulation" or "Stip."));  see also Plata v. Schwarzenegger, 2005 WL 2932253

15  (N.D. Cal. 2005) (Appointment of Receiver).  Plata is a class action of inmates in California state

16  prisons with serious medical needs.  (Stip. at ¶ 1.)  Plaintiff, a CMF inmate with serious medical

17  needs, is necessarily a member of the Plata class.  (Id. at ¶ 5.) The Stipulation requires that all

18  members of the class receive constitutionally adequate medical care consistent with applicable

19  policies and procedures in effect as of February 2002.  (Id. at ¶ 4.)  Any disputes as to the

20  adequacy of these policies and procedures are to be resolved pursuant to the dispute resolution

21  procedures set forth in the Stipulation.   (Id. at ¶¶ 26-28.)  Disputes relative to the treatment of

22  individual prisoners are to be pursued through the administrative grievance process, and then

23  through private mediation with defendants.  (Id. at ¶ 30.)  These procedural requirements may be

24  _____

25        [2] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80
    F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126
26  (1981).

1 | suspended only for inmates "requiring urgent medical care." (Id. at ¶ 7.)

2 |      The Ninth Circuit has held that a plaintiff who is a member of a class action for

3 | equitable relief from prison conditions may not maintain a separate, individual suit for relief that

4 | is also sought by the class, but may pursue equitable relief that "exceeds," "goes beyond" or is

5 | "not covered" by the class action.  Crawford v. Bell, 599 F.2d 890 (9th Cir. 1979) (reversing

6 | district court's dismissal of plaintiff's claims for relief that were not included in a class action

7 | challenging overcrowding); accord, McNeil v. Guthrie, 945 F.2d 1163, 1166 n.4 (10th Cir. 1991)

8 | ("class members may bring individual actions for equitable relief when their claims are not being

9 | litigated within the boundaries of the class action"); Rivera v. Bowe, 664 F. Supp. 708, 710

10 | (S.D.N.Y. 1987) ("it would be improper to foreclose the parties from pursuing separate claims

11 | where such claims are not encompassed and litigable within the original action," citing

12 | Crawford).  In contrast, individual damages claims may clearly be pursued.  "[T]he general rule

13 | is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent

14 | individual damage claims by class members, even if based on the same events."  Hiser v.

15 | Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996).

16 |      However, the Ninth Circuit has not addressed whether, or to what extent, Plata

17 | precludes a California inmate from pursuing an independent lawsuit for individual injunctive

18 | medical relief, and the distinction drawn in Crawford has been cited only infrequently.  This

19 | court has found only one published district court decision addressing the matter.  In Burnett v.

20 | Dugan, 618 F .Supp. 2d 1232 (S.D. Cal. 2009), the court granted preliminary injunctive relief to

21 | the plaintiff, who sought a court order requiring defendants to adhere to "chronos" setting forth

22 | plaintiff's medically-indicated housing needs.  The district court noted that plaintiff was "not

23 | seeking relief on behalf of all the other inmates in the CDCR," nor seeking "broad based reform

24 | of the CDCR's medical practices which is the subject of the Plata litigation," but rather sought

25 | relief that was "quite narrow and specific to Plaintiff."  Burnett, 618 F.Supp.2d at 1237.  The

26 | court rejected defendants' argument that plaintiff was "automatically precluded from seeking

1    injunctive relief for his medical related issues unless he first seeks relief as a member of the <u>Plata</u>

2    class," noting that defendants "cite to no authority that requires any plaintiff follow the <u>Plata</u>

3    procedures when they are attempting to enforce a specific medical treatment or doctor's order

4    related only to that individual plaintiff."  <u>Id.</u>  The court also relied on the exception set forth in

5    the <u>Plata</u> stipulation authorizing the suspension of its procedural requirements for inmates

6    "requiring urgent medical care."  <u>Id.</u>

7              Although some courts have applied reasoning similar to that articulated in

8    <u>Burnett</u>, to permit <u>Plata</u> plaintiffs to pursue individual claims for injunctive relief, there is a

9    divergence of opinion among the unpublished district court decisions addressing this matter.

10   Some courts have concluded that the plaintiff may not pursue *any* action for individual equitable

11   relief during the pendency of the <u>Plata</u> class action.  <u>See</u> <u>e.g.</u> <u>Grajeda v. Horel, et al.</u>, 2009 WL

12   302708, *5-6 (N.D. Cal. 2009) (dismissing plaintiff's equitable claims to obtain, inter alia, a cane

13   and leg brace because such relief is encompassed by <u>Plata</u>); <u>Meyer v. Schwarzenegger</u>, 2008 WL

14   2223253, *14-15 (dismissing plaintiff's claim to obtain, inter alia, physical therapy for his

15   chronic knee condition because he was "precluded, as a member of the <u>Plata</u> class from seeking

16   injunctive relief in an individual action"); <u>Diaz v. Sisto</u>, 2010 WL 624618, *8 (E.D. Cal. 2010)

17   (plaintiff, a diabetic, claiming that the simultaneous lines for obtaining insulin and food were too

18   long to accomplish both, sought insulin injections twice a day and sufficient food, as well as a

19   court order modifying the time for providing treatment to insulin dependent diabetics; the court

20   dismissed "any claim for injunctive relief Plaintiff may have [because it] would fall under the

21   class action in <u>Plata</u>[,]" citing <u>Meyer</u>, <u>supra</u>, 2008 WL 2223253); <u>Jackson v. Lee</u>, 2009 WL

22   3047012 (N.D. Cal. 2009) (dismissing plaintiff's claims for equitable relief regarding the quality

23   of his personal medical care because subsumed by <u>Plata</u> and another class action).

24              Other cases, like <u>Burnett</u>, have more narrowly precluded only those equitable

25   claims that seek broad, systemic changes targeted by the <u>Plata</u> class action.  <u>See</u> <u>e.g.</u> <u>Bovarie v.</u>

26   <u>Schwarzenegger</u>, 2010 WL 1199554, *7 (S. D. Cal. 2010) (dismissing plaintiff's claims for

injunctive relief seeking "system-wide, structural reform . . . [t]hat is precisely the objective of

the plaintiffs in Plata [,]" noting that the result may be different if plaintiff were seeking

"injunctive relief that is specific to his medical needs or the circumstances of his incarceration");

Chess v. Dovey, 2009 WL 2151998, *6 (E.D. Cal. 2009) (dismissing plaintiff's claims for "broad

injunctive relief requiring implementation of a pain management program for all chronic care

patients, the building of a diet kitchen, implementation of a physical therapy program and various

other system-wide changes in the medical care provided in California prisons") (internal

quotations omitted); Martinez v. California, 2008 WL 782861, *3 (E.D. Cal. 2008) (denying

defendants' motion to dismiss plaintiff's equitable claims based on plaintiff's representation that

he was "not seeking injunctive relief as to issues that were litigated in Plata"); Tillis v.

Lamarque, 2006 WL 644876, *9 (N.D. Cal. 2006) (finding that plaintiff's request for a transfer to

another institution was not barred by Plata because "[p]laintiff is seeking relief solely on his own

behalf"); Burnett v. Faecher, 2009 WL 2007118 (C.D. Cal. 2009) (rejecting defendants'

"apparent" argument "that no inmate in the entire state can bring any Eighth Amendment claim

seeking equitable relief for inadequate medical care until the class action filed in 2001 has been

fully litigated");  Rincon v. Cate, 2010 WL 5863894, *4 (S.D. Cal. 2010) (authorizing plaintiff to

"maintain a separate suit arising from his discrete medical condition"); Watson v. Sisto, 2011

WL 533716, *4-8 (E.D. Cal. 2011), adopted 2011 WL 1219298 (E.D. Cal. 2011) (granting in

part defendants' motion to dismiss plaintiff's claims for injunctive relief, authorizing plaintiff to

proceed only on his "discrete, individualized claims for equitable relief").

        The court's review of these cases and the Plata stipulation supports the reasonable

construction set forth in Burnett, as the undersigned previously concluded in Watson v. Sisto,

supra, 2011 WL 533716.  The court applies that analysis here.

        To the extent that plaintiff's complaint challenges institutional and state policies

and procedures relative to the general provision of medical services, including testosterone

treatments, such claims are encompassed within the broad goals of Plata to provide

constitutionally adequate medical care to all California prisoners with serious medical needs. Thus, plaintiff's general claims for system-wide reform (asserted throughout the FAC), should be dismissed. The dismissal of these claims dictates the dismissal of CDCR Secretary Matthew Cate.

In contrast is plaintiff's equitable request to obtain adequate medical care for himself only, including the reinstatement of his testosterone treatments. Because this discrete, individualized claim for equitable relief is not encompassed within the Plata class action, it should not be dismissed pursuant to the instant motion.

The question remains, however, whether plaintiff's claim for individual equitable relief (or, for that matter, this action) should proceed despite plaintiff's failure to respond to the court's order and to file an opposition to defendants' motion. The claim is central to this action—the alleged denial of the treatment plaintiff seeks is also the cornerstone of plaintiff's damages claim. In addition, the pending motion is limited in scope; defendants do not seek to dismiss this action in its entirety. Therefore, the court concludes that plaintiff's individual equitable claim should proceed, at least for present purposes, along with his damages claim. Nonetheless, the undersigned additionally recommends that any further failure of plaintiff to respond to an order of this court, or failure to abide by the Federal Rules of Civil Procedure or the Local Rules of this court, should result in the dismissal of this action.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (Dkt. No. 73) be granted in part, and denied in part;

2. Plaintiff's equitable claims for system-wide reform be dismissed;

3. Defendant Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, be dismissed from this action;

4. This action proceed on plaintiff's damages claim and his individual claim for

equitable relief; and

5.  Plaintiff is informed that any further failure to respond to an order of this court, or failure to abide by the Federal Rules of Civil Procedure or the Local Rules of this court, will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jasp1177.mtd

9