1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LEE JASPAR,

          Plaintiff,                  Case No. 2:06-cv-1177 GEB KJN P

    vs.

KHOURY, et al.,

          Defendants.           <u>ORDER</u>

_____/

         The California Attorney General, on behalf of defendants, seeks reconsideration of this court's order filed September 6, 2011, which, in pertinent part, denied defendants' motion to dismiss plaintiff's claim for individual equitable relief.  (Dkt. No. 83, adopting findings and recommendations at Dkt. No. 77.)  Defendants seek reconsideration of this ruling on the ground that the order allegedly contains errors of fact and law; however, defendants brief only their legal argument.  (<u>See</u> Dkt. No. 85.)  For the reasons that follow, the court denies defendants' motion.

         Local Rule 230 (j) requires that a motion for reconsideration include identification of "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and a statement explaining "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3), (4).  This rule derives from the "law of the case" doctrine, which provides that legal decisions made in a case "should be followed unless there is substantially

1   different evidence . . . , new controlling authority, or the prior decision was clearly erroneous and

2   would result in injustice." <u>Handi Inv. Co. v. Mobil Oil Corp.</u>, 653 F.2d 391, 392 (9th Cir. 1981);

3   <u>see also</u> <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1064

4   (1986).  In addition, Federal Rule of Civil Procedure 60, authorizes relief from an order for "any .

5   . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), subject to an "extraordinary

6   circumstances" standard, so as not to permit "a second bite at the apple," but to avoid inequitable

7   results and accomplish justice.  <u>See</u> <u>In re Pacific Far East Lines, Inc.</u>, 889 F.2d 242, 250 (9th Cir.

8   1989).

9           The court's challenged ruling permits an inmate, in a separately filed civil rights

10  action, to pursue a discrete claim for equitable relief specific to the inmate's individual medical

11  needs.  This holding is premised on the finding and legal conclusion that such relief is outside the

12  broad scope of injunctive relief sought by the class in <u>Plata v. Schwarzenegger</u>, Case No.

13  C-01-1351 THE (N.D. Cal. 2001).  Conversely, this court held that inmates may not pursue, in an

14  individual action, systemic relief that is encompassed by the <u>Plata</u> class action.  (<u>See</u> Dkt. No. 77

15  at 3-8.)  All California inmates with serious medical needs are members of the <u>Plata</u> plaintiff

16  class.

17          Defendants contend that a recent decision of the three-judge panel in <u>Plata</u> (and

18  <u>Coleman v. Brown</u>, Case No. S-90-0520 LKK JFM P, a class action on behalf of California

19  inmates with serious mental health needs), issued September 14, 2011, after the filing of this

20  court's challenged ruling, precludes prison inmates from pursuing individual equitable claims

21  responsive to their personal medical needs.  (<u>See</u> Dkt. No. 85-1, Exh. A ("Three-Judge Order").)

22  Defendants construe the Three-Judge Order to hold that "the <u>Plata</u> class action lawsuit provides

23  the sole mechanism for inmates to obtain medical attention for their individual medical needs,"

24  requiring dismissal of plaintiff's claim for individual medical relief because it is "subsumed

25  within the <u>Plata</u> class action lawsuit."  (Dkt. No. 85-1 at 2-3.)

26          This court does not so construe the Three-Judge Order, but finds that it is intended

1   only to clarify the procedures for processing documents that pro se inmates attempt

2   independently to file in the Plata and Coleman cases.  The order directs the appropriate Clerks of

3   the Northern and Eastern District Courts of California, to refrain from filing any documents

4   submitted by pro se inmates in the Plata and Coleman class actions, explaining that, "[a]s

5   members of the plaintiff classes, such inmates are represented parties and may file motions and

6   other documents only through their counsel of record."  (Three-Judge Order, at 1.)  The Clerks of

7   Court are further directed to forward any pro se documents appearing to raise "specific medical

8   care concerns" to the "Plata Receiver's Controlled Correspondence Unit for appropriate

9   investigation."  (Id. at 1-2.)  (Documents raising mental health concerns, pursuant to the Coleman

10  class action, are to be forwarded directly to counsel.  Id.)  Thus, the subject order clarifies that

11  only documents submitted by counsel may be filed in Plata, while any documents submitted by

12  pro se inmates shall, if they raise a "specific medical care concern," be directed to the Plata

13  receiver.  The order does not address the documents that may be filed, or the matters that may be

14  pursued, by an inmate in a separately filed civil rights action.

15          The additional authority cited by defendants in support of their motion, was

16  largely addressed in this court's findings and recommendations.  (See Dkt. No. 77 at 5-7, and

17  cases cited therein.)  Review of defendants' newly-cited cases does not alter the court's reasoning

18  or conclusions.  Although defendants are correct that the recent decisions in Estrada v. Rowe,

19  2011 U.S. Dist. LEXIS 64952, (N.D. Cal., June 17, 2011), and Cole v. Cate, 2011 U.S. Dist.

20  LEXIS 60678 (N.D. Cal. June 3, 2011), each held that requests for individual equitable relief

21  were subsumed by Plata, this court finds that both decisions overgeneralize the injunctive relief

22  sought in Plata, characterized simply as "adequate medical care."  Estrada, 2011 U.S. Dist.

23  LEXIS 64952 at *7; Cole, 2011 U.S. Dist. LEXIS 60678 at *3.  Similarly, the court in Gonzalez

24  v. Runnels, 2009 U.S. Dist. LEXIS 89223 (N.D. Cal. 2009), also cited by defendants, precludes

25  an individual claim for equitable medical relief on the ground that such relief comes within the

26  subject matter of Plata, characterized broadly as "serious medical needs."  Id. at *16.  None of

1    these decisions distinguish between requests for individual versus systemic equitable relief,

2    which is the well-established distinction for assessing, in any case, whether an individual claim is

3    subsumed by a related class action, and was the cornerstone of this court's analysis in the present

4    action.  (See analysis and cited cases in findings and recommendations (Dkt. No. 77 at 5-7).)

5           The reasoning of the court in James v. Wilber, 2009 U.S. Dist. LEXIS 95761

6    (E.D. Cal. 2009), also cited by defendants, appears to be consistent with this court's analysis.  In

7    James, the court ruled that plaintiff's broad, systemic request for injunctive relief, viz., "ordering

8    [California State Prison] Corcoran to update their medical procedures and medical staff to

9    comply with and perform all duties prescribed," was subsumed by the class action in Perez v.

10   Schwarzenegger, Case No. C-05-05241 JSW (N.D. Cal.) (in which the plaintiff class is all

11   California state prisoners with serious dental care needs).  Id. at *9.  Less clear is the unpublished

12   decision, Terry v. Salinas Valley State Prison, 243 F.3d 550 (2000), in which the Ninth Circuit

13   affirmed the district court's dismissal of plaintiff's claims for injunctive relief under the

14   Americans with Disabilities Act, on the ground that such claims were subsumed by the class

15   action in Armstrong v. Davis, Case No. 94-2307 CW (C.D. Cal.) (in which the plaintiff class is

16   California prisoners with disabilities).  However, the Terry decision does not identify plaintiff's

17   claims for injunctive relief, and this court is unable independently to identify those claims,

18   because the case file was closed before implementation of the court's electronic imaging system.

19   Nevertheless, on its face, Terry is not inconsistent with this court's ruling and, moreover, the

20   decision is unpublished and may not be cited as precedent.  See Ninth Circuit Rule 36-3.

21          The last decision newly-cited by defendants is Gillespie v. Crawford, 858 F.2d

22   1101, 1103 (5th Cir. 1988), in which the Fifth Circuit ruled that individual suits for equitable

23   relief could not be maintained to challenge conditions of confinement within Texas state prisons.

24   The court held that prisoners were required to bring their claims through the pending class action

25   that challenged conditions of confinement, Ruiz v. Estelle, 503 F. Supp. 1265 (S.D. Tex.1980),

26   and hence through the district court that retained jurisdiction to monitor compliance with the

1   injunctions issued in that case.  The court reasoned that allowing "individual suits would

2   interfere with the orderly administration of the class action and risk inconsistent adjudications."

3   Gillespie, 858 F.2d at 1103.  This decision, filed more than twenty years ago in another federal

4   circuit, establishes no precedent for the issue now before this court.  As previously noted (Dkt.

5   No. 77 at 5), the Ninth Circuit has not addressed whether Plata precludes individual suits for

6   equitable medical relief.  In the absence of such a ruling, or other clear direction, this court finds

7   that the weight of authority supports the conclusion that a California inmate, in a separately filed

8   civil rights action, may pursue a discrete claim for equitable relief that is specific to the inmate's

9   individual medical needs, and outside the scope of systemic relief encompassed by the Plata class

10  action.  Accord, Burnett v. Dugan, 618 F. Supp. 2d 1232 (S.D. Cal. 2009).

11          Accordingly, for the foregoing reasons,  IT IS HEREBY ORDERED that

12  defendants' motion for reconsideration (Dkt. No. 85), of this court's order filed September 6,

13  2011 (Dkt. No. 83), is DENIED.

14  Dated:  October 26, 2011

15

16  _____
    GARLAND E. BURRELL, JR.
17  United States District Judge

18

19

20

21

22

23

24

25

26